UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------x
SOLENGO CAPITAL ADVISORS ULC,          :
                                       :
        Plaintiff,                     :   07 Civ. 2657 (DLC) (KNF)
            v.                         :   ECF Case
                                       :
                                       :
                                       :
                                       :
                                       :
DEALBREAKER, ELIZABETH SPIERS, JOHN    :   **MEMORANDUM OF LAW**
CARNEY, BESS LEVIN, JOHN DOE AND       :   **SEEKING TEMPORARY**
JANE DOE,                              :   **RESTRAINING ORDER**
                                       :
                                       :
                                       :
                                       :
        Defendants.                    :
---------------------------------------x

## PRELIMINARY STATEMENT

This emergency action arises out of the unauthorized web-posting by Defendants DealBreaker, Elizabeth Spiers, John Carney, Bess Levin, John Doe and Jane Doe (collectively, "DealBreaker" or "Defendants") of a document (the "Document") containing confidential information belonging to Plaintiff Solengo Capital Advisors ULC ("Solengo") in violation of federal copyright law.

By way of background, Solengo is a recently launched investment vehicle that is modeled to become a multi-billion dollar commodities fund. Solengo's business model is centered, in large part, on certain novel approaches to its field. Last week, it circulated the Document to a limited number of potential investors. The Document essentially

marketed their novel philosophy to a limited number of potential investors and contained confidential and proprietary information about their business plan.

Last week, a copy of the Document somehow wound up in the hands of DealBreaker. On the afternoon of Wednesday, March 28, 2007, DealBreaker posted the Document on its website. Shortly thereafter, attorneys for Solengo informed DealBreaker by letter that the Document they had posted was copyrighted material that contained sensitive, confidential information and demanded that they remove it. DealBreaker, however, refused to remove the Document, boasting instead that "we write about 'information that is proprietary in nature' about the 'future plans' of companies all the time, Solengo-nauts. It's what we do."

DealBreaker's unauthorized reproduction of the copyrighted Document on its website, if not immediately stopped, threatens to cause Solengo even more irreparable harm than it has already suffered. Accordingly, Solengo respectfully requests that this Court immediately enter a narrowly-tailored restraining order that prevents DealBreaker from continuing to disseminate Solengo's copyrighted material on its website or otherwise and set a return date for a preliminary injunction hearing. We also respectfully request expedited discovery in this matter.

## STATEMENT OF RELEVANT FACTS

The facts on which this memorandum relies are set forth in the accompanying declarations of Jonathan Cogan (the "Cogan Declaration") and Brian Hunter (the "Hunter Declaration"), and the exhibits annexed thereto.

# ARGUMENT

I. **Solengo is Entitled to a Temporary Restraining Order and Preliminary Injunction**

This action presents this Court with an opportunity to stop DealBreaker's malicious exploitation of Solengo's confidential information in violation of the federal copyright laws. A party seeking a temporary restraining order and preliminary injunction in this circuit must show: (1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor. *ABKCO Music, Inc. v. Stellar Records, Inc.*, 96 F.3d 60, 64 (2d Cir.1996). In a copyright case, the irreparable harm requirement can be met by proof of a likelihood of success on the merits. *See NXIVM Corp. v. Ross Institute*, 364 F.3d 471 (2d Cir. 2004).

### A. *Solengo will suffer irreparable harm in the absence of a TRO*

As noted above and set forth in the Hunter Declaration, the Document at issue contains sensitive information about Solengo's novel business model and future business plans. Indeed, because the information contained in the Document is so sensitive, Solengo affixed a confidentiality "stamp" at the top of the first page of the document providing as follows:

> The document and any information enclosed within the document contains restricted, privileged, and confidential information and are therefore intended for distribution to authorized persons only. If you are not the intended recipient of this document, you must not disseminate, modify, copy/plagiarize or take action in reliance upon it, unless permitted by Solengo capital. None of the materials provided on this file may be used, reproduced, transmitted, in any form, or by means whatsoever including but not limited to electronically, mechanically, by way of recording or by

the use of any information storage and retrieval system, without written permission from Solengo Capital.

As such, the continued posting of the Document on DealBreaker's website would allow continued unrestricted access to otherwise highly confidential materials – a problem that has been made worse by DealBreaker's apparent attempt to use this dispute to garner publicity for its website.[1]

It is not surprising that Solengo went to these great efforts to protect the Document from this very type of disclosure. Among other things, such continued disclosure threatens to harm Solengo by:

- Placing it at a competitive disadvantage by allowing potential competitors to mimic or strategize against its investment strategy, operations, and marketing procedure;

- Revealing prospective trading strategy to other market players

- Discouraging prospective investors by raising confidentiality concerns

- Causing Solengo to have to answer regulatory inquiries in light of rules prohibiting certain investment vehicles from marketing themselves to the general public

In light of the obvious damage that will be caused by the continued posting of the Document (as well as the fact that, as set forth below, Solengo is likely to succeed on the merits), we respectfully submit that "irreparable harm" requirement is easily satisfied in this case.

### B. *Solengo is likely to succeed on the merits*

In order to demonstrate a likelihood of success on the merits in a copyright infringement claim, a plaintiff must establish that (1) it owns a valid copyright; and (2)

---

[1] Indeed, Mr. Carney appeared on a nationally televised program on CNBC on March 29, 2007 to discuss this issue and the fact that his website posted the Document. *See* Cogan Declaration at ¶ 6.

4

that defendants have engaged in unauthorized copying. *See ABKCO Music, Inc. v. Stellar Records, Inc.*, 96 F.3d 60, 64 (2d Cir. 1996). A defendant can defeat this *prima facie* showing of infringement, however, by demonstrating that its copying is protected by the fair use doctrine. *See Tufenkian Import/ Export Ventures, Inc. v. Einstein Moomjy, Inc.*, 338 F.3d 127, 131 (2d Cir. 2003).

> *(i)    Solengo owns a valid copyright of the Document and DealBreaker has engaged in unauthorized copying*

There can be no serious dispute that Solengo would be likely to succeed on the merits on both of these elements. "Section 106 of the Copyright Act confers a bundle of exclusive rights to the owner of the copyright. Under the Copyright Act, these rights — to publish, copy, and distribute the author's work — vest in the author of an original work from the time of its creation." *Harper & Row Publishers v. Nation Enterprises*, 471 U.S. 539 (1985). Further, marketing materials such as the Document fall squarely into the types of documents that are copyrightable. *See Integrative Nutrition, Inc. v. Academy of Healing Nutrition*, No. 06 Civ. 4920(JGK), 2007 WL 294089, at *4 (S.D.N.Y., Jan. 20, 2007).[2]

In addition, DealBreaker has conceded – indeed, it has boasted in the commentary section associated with the posting of the Document – that it has posted the Document without Solengo's permission and despite its demand to remove it. *See* Hunter Declaration at ¶ 8, Ex. D (March 29, 2007 posting; "Hedge Fund to Dealbreaker: Please Shut Up!" ("We don't believe we operate subject to the unilateral confidentiality assertions that get stamped on emails, offering documents or marketing brochures… We

---

[2] In addition, as set forth in the Hunter Declaration, Solengo has submitted the materials to register its copyright in the Document. *See Gable-Leigh, Inc. v. North American Miss*, 2001 WL 521695, at *4 (C.D. Cal. April 13, 2001)

print things that, frankly, no one has authorized us to print or disseminate.")). Dealbreaker's concession that these two elements have been met is further evidenced by the fact that they have claimed on their website that their posting of the Document is justified in light of the fair use doctrine. *See* Cogan Declaration, at ¶ 9.

> *(ii)  DealBreaker would be unlikely to defeat this prima facie showing under the "fair use" doctrine*

The factors relevant to determining whether fair use applies to a particular case are set forth in 17 U.S.C. § 107, which provides in relevant part as follows:

> Notwithstanding the provisions of sections 106 and 106A, the fair use of a copyrighted work ... for purposes such as criticism, comment, news reporting, teaching ..., scholarship, or research, is not an infringement of copyright. In determining whether the use made of a work in any particular case is a fair use the factors to be considered shall include-
>
> (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
>
> (2) the nature of the copyrighted work;
>
> (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
>
> (4) the effect of the use upon the potential market for or value of the copyrighted work.

Defendants bear the burden of proving that their use was fair, and all factors must be explored and the results weighed together in light of the purposes of copyright and the fair use defense. *See NXIVM Corp.*, 364 F.3d at 476-77. An analysis of the fair use factors as they apply in the instant matter demonstrates that DealBreaker would likely not be able to use the "fair use" doctrine to overcome its infringement.

### a. *"Purpose and character of use" prong*

Courts have explained that the purpose of this inquiry is to determine "whether the new work merely 'supersede[s] the objects' of the original creation, or instead adds something new." *Id* (citation omitted). In this case, it is plain that the "new work" adds absolutely nothing that is new. The "work" in question is, in fact, not "new" at all. Indeed, this is nothing like the type of situation in which a news organization takes excerpts or quotations from an otherwise copyrighted document to "support their critical analyses" in a way that is "transformative" of the original work. *Id.* Rather, in this case, DealBreaker simply took the Document in its entirety and posted an image of it "as is" on its website.

In addition, courts under this prong consider the propriety of a defendant's conduct. *See Harper & Row,* 471 U.S. at 562-63, 105 S.Ct. at 2232 (Fair use doctrine presumes dealings made in "good faith," therefore purposeful exploitation of misappropriated material is not compatible with doctrine under definition). In this case, DealBreaker acted in bad faith by posting information that they must have known by looking at the confidentiality designation on the front page of the document was confidential and provided to them without authorization. Even if one assumes that they did not notice this when they originally received and posted it, they certainly were put on notice of this fact when they received the letter informing them of such from Solengo's counsel on March 28, 2007. Despite this fact, they chose to keep the Document posted and, in so doing, clearly acted in bad faith. *See NXIVM Corp.,* 364 F.3d at 478 (noting that knowledge that access to copyrighted document was being provided without authorization is relevant under the purpose and character inquiry).

### b. "Nature of the copyrighted work" prong

In considering this factor, courts look to whether the document in question was published or unpublished. In the instant matter, the Document, although circulated to a limited number of potential investors, was not a published document in that it was not publicly available or otherwise widely disseminated. *See Id.* at 475 (finding manual to be "unpublished in the sense that it is not available to the general public"). As such, it is clear that this factor also favors Solengo. *See Harper,* 471 U.S. at 564 (1985) ("The fact that a work is unpublished is a critical element in its 'nature,' " and "the scope of fair use is narrower with respect to unpublished works.") (citations omitted).

### c. "Amount and Substantiality" prong

Consideration of the third factor, "the amount and substantiality of the portion used in relation to the copyrighted work as a whole," 17 U.S.C. § 107(3), "has both a quantitative and a qualitative component," *See NXIVM Corp.,* 364 F.3d at 478; *see also New Era Pubs. Int'l, ApS v. Carol Publ'g Group,* 904 F.2d 152, 158 (2d Cir. 1990). The factor favors copyright holders where the portion used by the alleged infringer is a significant percentage of the copyrighted work, or where the portion used is "essentially the heart of" the copyrighted work. *Harper,* 471 U.S. at 565 (internal quotation marks omitted).

It is obvious that Solengo should prevail in an inquiry under this prong as well in light of the fact that the document in question is posted on DealBreaker *in its entirety.*

### d. "Market" prong

The final prong also favors Solengo in that it is likely that continued posting of the Document by DealBreaker will usurp market demand for the original. Indeed, this is

nothing like the type of case where plaintiff is complaining that the market demand is in jeopardy of being diminished by some sort of *criticism* of the underlying copyrighted work. Rather, in this case, the irreparable harm that Solengo complains of flows directly from the disclosure of the document itself.[3]

## CONCLUSION

For all the foregoing reasons, we respectfully request the Court immediately provide relief in the form of a Temporary Restraining Order to prevent DealBreaker from continuing to disseminate Solengo's copyrighted material on its website or in any other form, grant expedited discovery and set a return date for a preliminary injunction hearing.

Dated: April 2, 2007
      New York, New York

Respectfully submitted,

KOBRE & KIM LLP

By: _____

Michael S. Kim (MK-0308)
Jonathan D. Cogan (JC-4474)
Leif T. Simonson (LS-5915)
800 Third Avenue
New York, New York 10022
Telephone: 212.488.1200
Facsimile: 212.488.1220

ATTORNEYS FOR PLAINTIFF
SOLENGO CAPITAL ADVISORS ULC

---

[3] Even if the Court were inclined to find that Plaintiff is not likely to succeed on the merits, we respectfully submit that the requested relief should be granted because sufficiently serious questions going to the merits are raised in this matter to make them a fair ground for litigation and the hardship that Solengo continues to suffer from the dissemination of the Document tips the balance of hardship inquiry decidedly in its favor.