Edward H. Rosenthal (ER-8022)
Lia N. Brooks (LB-0618)
FRANKFURT KURNIT KLEIN & SELZ, P.C.
488 Madison Avenue
New York, New York 10022
Tel.: 212-980-0120
Fax: 212-593-9175
*Attorneys for Defendants Dead Horse Media LLC, Dealbreaker, Elizabeth Spiers, John Carney, and Bess Levin*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X

SOLENGO CAPITAL ADVISORS ULC,

        Plaintiff,

-against-

DEAD HORSE MEDIA LLC, DEALBREAKER,
ELIZABETH SPIERS, JOHN CARNEY, BESS LEVIN,
JOHN DOE AND JANE DOE,

        Defendants.
------------------------------------------------X

07 CV 2657 (DLC)

## CORRECTED MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants Dead Horse Media LLC, Dealbreaker, Elizabeth Spiers, John Carney, and Bess Levin (collectively the "Defendants") by their attorneys Frankfurt Kurnit Klein & Selz P.C., submit this corrected memorandum of law and the accompanying corrected declaration of Edward H. Rosenthal, dated May 30, 2007 (the "Rosenthal Decl.") in support of their motion to dismiss plaintiff Solengo Capital Advisors ULC's ("Solengo") First Amended Complaint (the "Amended Complaint") pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. A copy of the Amended Complaint is annexed to the Rosenthal Decl. as Exhibit A. This court lacks subject matter jurisdiction because an action for copyright cannot be made under 17 U.S.C.

§ 411(a) unless a claimant has a registered copyright, or registration been refused. By its own admission, Solengo does not have a registration, nor has such registration been refused.

## STATEMENT OF FACTS

According to the Amended Complaint, Defendants operate Dealbreaker.com, a Wall Street gossip blog. Am. Compl. ¶ 6. Plaintiff Solengo is a firm engaged in the commodity investments business. *Id.* ¶ 12. To market its business to potential investors, Solengo created an investor prospectus (the "Document"), which contains information about Solengo's planned structure, trading and risk management platforms, and biographies of its founders. *Id.* ¶¶ 13-15. On March 28, 2007, Defendants posted the Document on Dealbreaker.com (the "website"). *Id.* ¶ 20. Solengo claims that this posting infringed its copyright in the Document. *Id.* ¶¶ 22-25.

On April 2, 2007, Solengo filed an order to show cause against Defendants seeking a preliminary injunction ordering that Defendants remove the Document from the website. *See* Rosenthal Decl. Ex. C. That same day, Plaintiff and Defendants entered into a Preliminary Injunction on Consent, and Defendants removed the Document from the website. *See* Rosenthal Decl. Ex. D. On May 10, 2007, Solengo filed its Amended Complaint.

The undisputed facts establish that Solengo does not have a registration for the copyright in the Document. The Amended Complaint includes an allegation that an application for registration has been filed, but not that registration has been obtained. Am. Compl. ¶ 18. Moreover, in its application for a preliminary injunction, Solengo admitted that it had applied for copyright registration on March 30, 2007, but that it had not received a registration. *See* Rosenthal Decl. Ex. B at ¶ 2.

## ARGUMENT

Solengo only alleges one claim – copyright infringement – in its Amended Complaint. This cause of action must be dismissed because a federal court does not have subject matter

jurisdiction over a claim for copyright infringement unless the copyright has been registered or registration has been refused by the Register of Copyrights. 17 U.S.C. § 411(a) ("[N]o action for infringement…shall be instituted until preregistration[1] or registration of the copyright claim has been made in accordance with this title.") (emphasis added); *see also Whimsicality, Inc. v. Rubie's Costume Co., Inc.*, 891 F.2d 452, 453 (2d Cir. 1989) (holding that proper registration is a prerequisite for action for copyright infringement).

The mere filing of the application for the copyright is insufficient to vest a federal court with subject matter jurisdiction; the copyright office must actually register or reject the work. *National Ass'n of Freelance Photographers v. Associated Press*, 1997 WL 759456, at *12 (S.D.N.Y. Dec. 10, 1997) (Cote, J.); *see also La Resolana Architects, PA v. Clay Realtors Angel Fire*, 416 F.3d 1195, 1197 (10th Cir. 2005) ("The Copyright Office must approve or reject the application before registration occurs or a copyright infringement action can be brought."), *M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 903 F.2d 1486, 1488 (11th Cir. 1990) ("The registration requirement is a jurisdictional prerequisite to an infringement suit."), *Corbis Co. v. UGO Networks, Inc.*, 322 F. Supp. 2d 520, 521-22 (S.D.N.Y. 2004) (interpreting 17 U.S.C.§§ 410-411 to hold that district courts do not have subject matter jurisdiction over a claim for copyright infringement until the Copyright Office has either approved or refused a pending application), *U-Neek, Inc. v. Wal-Mart Stores, Inc.*, 147 F. Supp. 2d 158, 169 (S.D.N.Y. 2001) (holding that no subject matter jurisdiction existed over claims where plaintiff had applied for but not yet received copyright registration), *City Merchandise, Inc. v. Kings Overseas Corp.*,

---

[1] The word "preregistration" was added to 17 U.S.C. § 411(a) by Congress in 2005 by the Family Entertainment Copyright Act of 2005. Pub.L. 109-9, Title I, § 104(a). Preregistration applies only to works being prepared for commercial distribution, and thus is not applicable here. 17 U.S.C. § 408(f). Moreover, Plaintiff only alleges that it has met the requirements for registration, not preregistration. Am. Compl. ¶ 18.

2001 WL 286724, at *2 (S.D.N.Y. Mar. 23, 2001) (same), *Tuff-N-Rumble Mgmt., Inc. v. Sugarhill Music Publ'g Inc.*, 49 F. Supp. 2d 673, 677 (S.D.N.Y. 1999) ([D]istrict courts are without subject matter jurisdiction to hear claims for federal copyright infringement unless a party asserts in his pleadings that he has received an actual certificate of registration or its denial from the Copyright Office"), *Noble v. Town Sports Int'l, Inc.*, 1998 WL 43127, at *1 (S.D.N.Y. Feb. 2, 1998), *Geritrex Corp. v. Dermarite Industries LLC*, 910 F. Supp. 955, 966 (S.D.N.Y. 1996), *Robinson v. Princeton Review*, 1996 WL 663880, at *7 (S.D.N.Y. Nov. 15, 1996) (dismissing copyright infringement claim where plaintiff had applied for but not received registration of copyright), *Demetriades v. Kaufmann*, 680 F. Supp. 658, 661 (S.D.N.Y. 1988) (stating that actual registration of the copyright, rather than the application for it, is required because district courts "cannot prejudge the determination to be made by the Copyright Office").[2]

Solengo's Amended Complaint makes it clear that it has not met the registration requirements necessary for this court to have subject matter jurisdiction. The Amended Complaint states that Solengo "has deposited the Document in the Copyright Office and paid the registration fee, and the Copyright Office has received plaintiff's application." Am. Compl. ¶ 18. However, as shown above, the courts in this district and elsewhere have consistently held that applying for a copyright is not enough to meet the registration requirement of 17 U.S.C. § 411(a). Solengo does not allege that a Certificate of Registration had been issued. It does not allege any other evidence that the Copyright Office has either accepted or rejected its

---

[2] There are a handful of cases that have held that filing the application is sufficient to confer subject matter jurisdiction. *See, e.g. Shady Records, Inc. v. Source Enterprises, Inc*, 2005 WL 14920, at *8 (S.D.N.Y. Jan. 03, 2005), *EPM Communications, Inc. v. Notara, Inc.*, 2000 WL 1154315 (S.D.N.Y. Aug. 14, 2000), *Lennon v. Seaman*, 63 F. Supp. 2d 428, 432 (S.D.N.Y. 1999), *Havens v. Time Warner, Inc.*, 896 F. Supp. 141, 143 (S.D.N.Y. 1995). However, none of these cases rely on binding Second Circuit precedent or provide any reason for disregarding the plain language of 17 U.S.C. § 411.

application. See Rosenthal Decl. Ex. B. Thus, Solengo's has not met the statutory requirements for a claim for copyright infringement, and because copyright infringement is Solengo's only cause of action, this court does not have subject matter jurisdiction, and Solengo's claim must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully requests this Court grant Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and grant Defendants such other and further relief as is just and proper.

Dated: New York, New York
May 30, 2006

FRANKFURT KURNIT KLEIN & SELZ, P.C.

By: *[signature]*

Edward H. Rosenthal (ER-8022)
Lia N. Brooks (LB-0618)

488 Madison Avenue
New York, New York 10022
Tel.: 212-980-0120
Fax: 212-593-9175
*Attorneys for Defendants Dead Horse Media LLC, Dealbreaker, Elizabeth Spiers, John Carney, and Bess Levin*

TO: Jonathan D. Cogan
Kobre & Kim LLP
800 Third Avenue
New York, New York 10022
Telephone: 212-488-1200
Facsimile: 212-488-1220
*Attorneys for Plaintiff Solengo Capital Advisors ULC*