UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
SOLENGO CAPITAL ADVISORS ULC,

       Plaintiff,

           v.

DEAD HORSE MEDIA LLC,
DEALBREAKER,
ELIZABETH SPIERS, JOHN CARNEY, BESS
LEVIN, JOHN DOE AND JANE DOE,

       Defendants.
---------------------------------------------------------------x

07 Civ. 2657
ECF Case

**SECOND AMENDED**
**COMPLAINT**

Plaintiff Solengo Capital Advisors ULC ("Solengo"), by its attorneys, submits the following, for its complaint against Defendants Dead Horse Media LLC, DealBreaker, Elizabeth Spiers, John Carney, Bess Levin, John Doe and Jane Doe (collectively, "Dead Horse" or "Defendants").

## JURISDICTION AND VENUE

1. This Court possesses subject matter jurisdiction of this Complaint pursuant to 17 U.S.C. § 102 *et seq* (the "Copyright Act").

2. The Court has personal jurisdiction over Defendants because, upon information and belief, Defendants committed the acts discussed in the Complaint within the judicial district of the Southern District of New York and are doing business within the State of New York.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400.

4. This Court possesses power to grant injunctive relief pursuant to 17 U.S.C. § 502.

**PARTIES**

5. Plaintiff Solengo Capital is a business that has been structured to become a commodity investment vehicle, with its principle place of business located at Suite 201, 3320 17th Ave SW, Alberta, Calgary.

6. Upon information and belief, Defendant Dead Horse operates a Web site entitled DealBreaker, with URL http://www.dealbreaker.com/, which is an internet tabloid and gossip blog focused on the financial sector.

7. Dead Horse has offices at 262 Mott Street, Suite 102A, New York, New York.

8. Defendant Elizabeth Spiers is Publisher and Founder of DealBreaker and has unknown place of residence.

9. Defendant John Carney is Editor in Chief of DealBreaker and has unknown place of residence.

10. Defendant Bess Levin is Contributing Editor of DealBreaker and has unknown place of residence.

11. Defendants John Doe and Jane Doe are all individuals, including all employees and agents of Dead Horse, involved in posting the Document (as defined below) on the DealBreaker Web site or otherwise distributing it and have unknown place of residence.

**THE FACTS**

12. The principals of Solengo are attempting to grow it into a multi-billion dollar commodities investment vehicle. Solengo is structured to include numerous sector-specific funds across the commodities spectrum.

13. The Solengo investor prospectus (the "Document") sets forth the venture's planned structure, trading and risk management platforms, offering information, and biographies of its founders.

14. The Document sets forth extremely sensitive, proprietary information relating to Solengo's business. For example: page 2 of the Document contains a description of Solengo's business model, which sets forth the fund's unique investment approach; pages 7-10 of the Document set forth a novel portfolio manager payment scheme and office structure; and pages 11-12 of the Document set forth what is essentially an outline of Solengo's entire offering memorandum, which specifies Solengo sub-funds' margin-to-capital ratio, fees and bonus structures, lock-up periods, and allocation of investor funds.

15. This proprietary information is integral to Solengo's ability to gain an edge over competitors, standing in the marketplace, and appeal to potential investors.

16. Due to its highly confidential nature, Solengo placed a confidentiality stamp on the top of the first page of the Document stating the following:

> The document and any information enclosed within the document contains restricted, privileged, and confidential information and are therefore intended for distribution to authorized persons only. If you are not the intended recipient of this document, you must not disseminate, modify, copy/plagiarize or take action in reliance upon it, unless permitted by Solengo capital. None of the materials provided on this file may be used, reproduced, transmitted, in any form, or by means whatsoever including but not limited to electronically, mechanically, by way of recording or by the use of any information storage and retrieval system, without written permission from Solengo Capital.

17. As noted, the Document was created by Solengo principals and represents the fruits of many hours of work that were required to develop the novel ideas contained therein and market them in a convincing manner.

18. On the afternoon of March 28, 2007, Defendants posted the Document on the DealBreaker Web site in its entirety.

19. Shortly thereafter, attorneys for Solengo informed Dead Horse by letter that the Document posted was copyrighted material that contained sensitive, confidential information and demanded that Dead Horse remove the post.

20. Despite this demand and others, Dead Horse refused to remove the Document until April 2, 2007.

21. Solengo has met any registration requirement that may apply by virtue of 17 U.S.C. § 411. Among other things, Solengo has deposited the Document in the Copyright Office and paid the registration fee, and the Copyright Office has received plaintiff's application.

22. In addition, the Copyright Office issued Solengo a Certificate of Registration for the Document on June 7, 2007, the effective date of which is March 30, 2007.

### FIRST CAUSE OF ACTION
### (Copyright Infringement)

23. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth in paragraphs of this Complaint enumerated "1" through "22", inclusive with the same force and affect as if hereinafter set forth in full.

24. Solengo is entitled to copyright protection of the Document as an original work of authorship.

25. Solengo controls exclusive rights to publish, copy, and distribute the work pursuant to the Copyright Act.

26. Defendants posted the Document on its Web site without authorization from Solengo and, in fact, refused to take it down upon receiving a demand to do so.

27. Defendants took the Document in its entirety and disseminated an image of the Document "as is" to the public through the DealBreaker Web site.

28. Defendants acted in bad faith by posting a Document that was clearly designated as confidential and which, therefore, they must have known they did not have authority to post.

29. Furthermore, Defendants chose to keep the Document posted even after receiving notice from Solengo's counsel that the document was confidential and should be removed.

30. The Document, although circulated to a limited number of potential investors, was not a published document in that it was not publicly available or otherwise widely disseminated.

31. Defendants' unauthorized dissemination of the Document caused significant harm to Solengo.

32. This Second Amended Complaint is verified upon the declarations of Jonathan Cogan and Brian Hunter, filed April 2, 2007.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests that this Court:

1. Order Defendants to pay Plaintiff's actual damages and profits, pursuant to 17 U.S.C. § 504;

2. Order Defendants to pay, upon Plaintiff's election prior to the entry of final judgment, statutory damages, pursuant to 17 U.S.C. § 504;

3. Order Defendants to pay fully costs and attorneys fees, pursuant to 17 U.S.C. § 505; at this time, Plaintiff expects attorneys fees will be in excess of $100,000.

Dated: July 6, 2007
New York, New York

Respectfully submitted,

KOBRE & KIM LLP

By: _____

Michael S. Kim
Jonathan D. Cogan
800 Third Avenue
New York, New York 10022
Telephone:   212.488.1200
Facsimile:   212.488.1220

ATTORNEYS FOR PLAINTIFF
SOLENGO CAPITAL ADVISORS ULC