Edward H. Rosenthal (ER-8022)
Lia N. Brooks (LB-0618)
FRANKFURT KURNIT KLEIN & SELZ, P.C.
488 Madison Avenue
New York, New York 10022
Tel : 212-980-0120
Fax: 212-593-9175
*Attorneys for Defendants Dead Horse Media LLC, Dealbreaker, Elizabeth Spiers, John Carney,
and Bess Levin*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

SOLENGO CAPITAL ADVISORS ULC,

                Plaintiff,

     -against-

DEAD HORSE MEDIA LLC, DEALBREAKER,
ELIZABETH SPIERS, JOHN CARNEY, BESS LEVIN,
JOHN DOE AND JANE DOE,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

07 CV 2657 (DLC)

**ANSWER TO SECOND
AMENDED COMPLAINT**

## ANSWER OF DEADHORSE MEDIA LLC, DEALBREAKER,
## ELIZABETH SPIERS, JOHN CARNEY, AND BESS LEVIN

Defendants Dead Horse Media LLC, DealBreaker, Elizabeth Spiers, John Carney, and

Bess Levin (collectively, the "Defendants") by their attorneys Frankfurt Kurnit Klein & Selz

P.C., answer Plaintiff's Second Amended Complaint (the "Complaint") for Copyright

Infringement as follows:

### JURISDICTION AND VENUE

1     Paragraph 1 of the Complaint contains statements of law to which no responsive

pleading is necessary.

2. Deny the allegations in Paragraph 2 of the Complaint, except admit that the Court has personal jurisdiction over them for purposes of this action.

3. Paragraph 3 of the Complaint contains statements of law to which no responsive pleading is necessary.

4. Paragraph 4 of the Complaint contains statements of law to which no responsive pleading is necessary.

5. Deny knowledge or information sufficient to form a belief with respect to the allegations in Paragraph 5 of the Complaint.

6. With respect to the allegations in Paragraph 6 of the Complaint, admit that Defendant Dead Horse Media LLC ("Dead Horse") operates a website entitled DealBreaker (the "DealBreaker Website" with a URL http://www.dealbreaker.com and refers to such website for proof of the contents thereof.

7. Admit the allegations in Paragraph 7 of the Complaint.

8. Deny the allegations in Paragraph 8 of the Complaint.

9. Deny the allegations in Paragraph 9 of the Complaint, except admit that Defendant John Carney is Editor in Chief of DealBreaker.

10. Deny the allegations in Paragraph 10 of the Complaint, except admit that Defendant Bess Levin is a contributing editor of DealBreaker.

11. Deny knowledge or information sufficient to form a belief with respect to the allegations in Paragraph 11 of the Complaint.

12. Deny knowledge or information sufficient to form a belief with respect to the allegations in Paragraph 12 of the Complaint.

FKKS 327505 v1

15084.700

13. Deny the allegations in Paragraph 13 of the Complaint, except refer to the Document described therein for proof of the contents thereof.

14. Deny the allegations in Paragraph 14 of the Complaint, except refer to the Document described therein for proof of the contents thereof.

15. Deny the allegations in Paragraph 15 of the Complaint.

16. Deny the allegations contained in Paragraph 16 of the Complaint, except refer to the Document described therein for proof of the contents thereof.

17. Deny knowledge or information sufficient to form a belief with respect to the allegations in Paragraph 17 of the Complaint.

18. With respect to the allegations contained in Paragraph 18 of the Complaint, admit that the Document was posted on the DealBreaker website and refer to such posting for proof of the contents thereof.

19. With respect to the allegations contained in Paragraph 19 of the Complaint, admit that attorneys for Solengo sent a letter shortly after March 28, 2007 and refer to the letter for proof of its contents.

20. Deny the allegations in Paragraph 20 of the Complaint, except admit that the Document was removed from the DealBreaker Website on April 2, 2007.

21. To the extent that Paragraph 21 of the Complaint contains statements of law, no responsive pleading is necessary. Otherwise, Defendants deny knowledge or information sufficient to form a belief with respect to the allegations in Paragraph 21 of the Complaint.

22. Deny knowledge or information sufficient to form a belief with respect to the allegations in Paragraph 22 of the Complaint, except refer to the Certificate of Registration referred to therein for proof of its contents.

## FIRST CAUSE OF ACTION

23. In response to Paragraph 23 of the Complaint, Defendants repeat and reallege their responses to Paragraphs 1 through 22 of the Complaint as if fully set forth herein.

24. Deny the allegations in Paragraph 24 of the Complaint.

25. Deny the allegations in Paragraph 25 of the Complaint.

26. Deny the allegations in Paragraph 26 of the Complaint, except admit that Defendants posted the Document on the DealBreaker website.

27. Deny the allegations in Paragraph 27 of the Complaint.

28. Deny the allegations in Paragraph 28 of the Complaint.

29. Deny the allegations in Paragraph 29 of the Complaint.

30. Deny knowledge or information sufficient to form a belief with respect to the allegations in Paragraph 30 of the Complaint.

31. Deny the allegations in Paragraph 31 of the Complaint.

32. Paragraph 32 of the Complaint contains statements of law to which no responsive pleading is necessary.

## FIRST AFFIRMATIVE DEFENSE

33. Plaintiff fails to state a claim against some or all of the Defendants.

## SECOND AFFIRMATIVE DEFENSE

34. Upon information and belief, Solengo is owned and/or operated by persons, including without limitation Brian Hunter, Shane Lee and Matthew Calhoun who were formerly involved with the hedge fund known as Amaranth Advisors ("Amaranth").

35. Upon information and belief, at one point Amaranth was one of the world's largest hedge funds.

36. Upon information and belief, in 2006, Amaranth suffered losses of approximately $6 billion dollars, causing numerous investors to suffer extremely large investment losses.

37. The Document that is the subject of this litigation was a prospectus sent to potential investors designed to encourage investment in a new hedge fund offered by Defendant. The Document did not contain any disclosure or information about the involvement by the principals of Solengo in Amaranth or about the spectacular failure of Amaranth.

38. The DealBreaker Website serves an important journalistic function in informing the public about matters relating to the financial and investment world.

39. As part of the process of informing the public about the relationship between Solengo and Amaranth and the involvement of the former principals of Amaranth in Solengo, it was critical that the Document be printed in its entirely so that the public could judge for itself just precisely what was and what was not being claimed and disclosed by Solengo to potential investors

40. Accordingly, the publication of the Document is protected by the First Amendment to the United States Constitution as well as protections for freedom of speech and of the press contained in the Constitution of the State of New York.

## THIRD AFFIRMATIVE DEFENSE

41. Defendants repeat and reallege each and every allegation contained in paragraphs 34 through 40 of this Answer as if fully set forth herein.

42. Plaintiff's claim is barred by the Fair Use Doctrine

## FOURTH AFFIRMATIVE DEFENSE

43. Defendants repeat and reallege each and every allegation contained in paragraphs 34 through 40 of this Answer as if fully set forth herein.

44. Plaintiff is barred from pursing its claim by reason of the doctrines of estoppel and unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

45. Plaintiff has not suffered any damage as a result of the posting of the Document on the Deal Breaker website.

Dated: New York, New York

July 24, 2006

FRANKFURT KURNIT KLEIN & SELZ, P.C.

By: _____

Edward H. Rosenthal (ER-8022)
Lia N. Brooks (LB-0618)

488 Madison Avenue
New York, New York 10022
Tel.: 212-980-0120
Fax: 212-593-9175
*Attorneys for Defendants Dead Horse Media LLC,*
*Dealbreaker, Elizabeth Spiers, John Carney, and*
*Bess Levin*

TO    Jonathan D. Cogan
Kobre & Kim LLP
800 Third Avenue
New York, New York 10022
Telephone: 212-488-1200
Facsimile: 212-488-1220
*Attorneys for Plaintiff Solengo Capital Advisors ULC*